UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| BILLIONAIRE MAFIA, LLC,<br><br>             Plaintiff,<br><br>vs.<br><br>PHOENIX MEDIA PRODUCTIONS, INC, *et al.,*<br><br>             Defendants. | 2:11-cv-00048-PMP -VCF<br><br>**REPORT & RECOMMENDATION**<br><br>**(Failure To Prosecute and To Comply With Local Rules)** |

### REPORT & RECOMMENDATION

Before the court is the matter of *Billionaire Mafia LLC v. Phoenix Media Productions, Inc. et al* (Case No. 2:11-cv-00048-PMP -VCF).

    **A.**    **Background**

Plaintiff Billionaire Mafia, LLC filed its complaint on January 14, 2011, against Phoenix Media Productions, Inc (hereinafter "Phoenix Media") and Patrick Collins.  (#1).  On January 18, 2011, summons were issued as to Phoenix Media and defendant Collins. (#3).   On July 12, 2011, the court issued a notice of intent to dismiss pursuant to Rule 4(m), as no proof of service had been filed.  (#4).  On August 10, 2011, plaintiff filed proof of service for Phoenix Media (#5) and Patrick Collins (#6).  On August 11, 2011, summons were returned executed as to both defendants.  (#7 and #8).  On the same day, the court issued a notice pursuant to Local Rule 10-2, stating that "Counsel Sergei Orel [must] comply with completion and electronic filing of the Designation of Local Counsel and Verified Petition," and providing a Verified Petition deadline of September 25, 2011.  (#9).  Mr. Orel did not file an application to appear *pro hac vice*.

On December 21, 2011, the court issued an order to show cause by January 10, 2012, why the action should not be dismissed for failure to prosecute, as no action had been taken since August, 2011. (#11). On January 10, 2012, plaintiff filed a request for entry of default, as neither defendant had appeared in the action. (#12). On the same day, plaintiff filed a response to the order to show cause (#11), asserting that the action should not be dismissed because (1) plaintiff filed the motion for entry of default (#12), (2) defendants failed to appear, and (3) plaintiff "has been wronged by [d]efendants and suffered monetary losses." (#13). On January 12, 2012, the motion for entry of default (#12) was referred to the Honorable Judge Pro, as the Clerk's Office was unable to determine if proper service was effected. On January 19, 2012, clerk's default was entered against both defendants. (#18). Plaintiff has not taken any action since then.

Upon a review of this action, it came to the court's attention that (1) Mr. Orel is not licensed to practice law in Nevada, *See generally* State Bar of Nevada's "Find a Lawyer" Database, available at www.nvbar.org/find-a-lawyer (last visited November 9, 2012), (2) Mr. Orel is not admitted to practice in the United States District Court for the District of Nevada, and has not applied to appear *pro hac vice* in this case, and (3) based upon Mr. Orel's filings and the New Jersey Supreme Court's Attorney Index, he is licensed in the State of New Jersey. *See* NJ Attorney Index, available at http://njcourts.judiciary.state.nj.us/web10/AttyPAWeb/pages/home.faces?locale=en (last visited November 9, 2012).

  B.  Relevant Law/Discussion

    1.  **Application To Appear *Pro Hac Vice***

"In order to practice before the District or Bankruptcy Court, an attorney must be admitted to practice under the following provisions. An attorney who has been admitted to practice before the Supreme Court of Nevada, and who is of good moral and professional character, is eligible for admission to the Bar of this Court." LR IA 10-1. Pursuant to LR 10-2(a), "[a]n attorney who is not a

member of the Bar of this Court, who has been retained or appointed to appear in a particular case, may do so only with permission of this Court," and an "[a]pplication for such permission shall be by verified petition on the form furnished by the Clerk."  "Failure to comply timely with...Rule [10-2] may result in the striking of any and all documents previously filed by such attorney, the imposition of other sanctions, or both."  LR IA 10-2(k).

As Mr. Orel is not licensed to practice before this court, he was required to file an application to appear *pro hac vice*.  *See* LR IA 10-1 and 10-2.  The court ordered Mr. Orel to file the application by September 25, 2011.  (#10).  Mr. Orel has failed to file an application to appear *pro hac vice*.  The court should impose sanctions, including, but not limited to, dismissing the complaint (#1).  LR IA 10-2(k); *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992)(The court may dismiss a complaint for failure to comply with court orders).

### 2. Failure To Prosecute

Federal Rule of Civil Procedure 41(b) provides that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  The trial court has "a broad discretion in the matter of dismissing an action for want of diligent prosecution." *Schmidt v. Wallenius Line,* 455 F.2d 1088 (9th Cir. 1972).  Under Rule 41(b), the court must consider the following five factors before dismissing an action for failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Ferdik,* 963 F.2d at 1260-1.

Upon a review of these factors, the court finds that dismissing plaintiff's claims for failure to prosecute is appropriate.  *Id.*  This action was filed in January of 2011, and the plaintiff only participated in this litigation when faced with a Rule 4(m) dismissal in July of 2011 (#4), and an order to show cause in December of 2011 (#11).  Plaintiff has not appeared in this action since the court entered default

against the defendants on January 19, 2012. (#18). To date, Mr. Orel has not filed an application to appear *pro hac vice.* The public's interest in expeditious resolution of the litigation and the court's need to manage its docket weigh in favor of dismissal. *Ferdik,* 963 F.2d at 1260-1.

The defendants have not appeared in this action, and would not suffer any prejudice if the complaint (#1) were dismissed. *Id.* This case has been pending for almost two years. (#1). Defendants' defaults were entered almost one year ago. (#18). Plaintiff has failed to file a motion for a default judgment. Damages cannot be awarded in this case without a prove-up hearing, as plaintiff's claim is not for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(b). In these circumstances, the case cannot move forward without action by the plaintiff, who is currently represented by an attorney not authorized to appear in this court. *See* LR IA 10-1 and 10-2. As noted above, this attorney has ignored court orders (#10) providing him an opportunity to apply for permission to appear in this case. *See* LR IA 10-2(k). Thus, the fourth and fifth factors weigh in favor of dismissing the complaint. *Ferdik,* 963 F.2d at 1260-1. As a result of plaintiff's conduct, this case cannot be decided on the merits and must be dismissed. *Id.*

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the complaint (#1) be DISMISSED for attorney Sergei Orel's failure to comply with this court's Local Rules and for plaintiff's failure to prosecute. *See* LR IA 10-2(k); Fed. R. Civ. P. 41(b); *Ferdik,* 963 F.2d at 1260-1.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 13th day of November, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE